IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANE PUGLIESE, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF LANCASTER, et al | : | |
|     Defendants. | : | No. 12-CV-07073 |

**MEMORANDUM AND ORDER**

Plaintiff Jane Pugliese sued the County of Lancaster, as well as individual defendants, contending they illegally discriminated against her when they eliminated her position and fired her. *See* Complaint, Doc. 1, ¶¶ 36-41. Frank Behlau, another supervisor with the County of Lancaster, was retained at the time plaintiff was fired. *See* Brief in Support of Motion for Sanctions [Hereinafter Pl's Br.], Doc. 32-1, 1-2. Plaintiff contends that Behlau was less qualified than her. *Id.* at 3.

Plaintiff has moved for sanctions, under Fed. R. Civ. Pro. 37(a)(5), based on a document produced the day before a hearing on spoliation sanctions. *Id.* at 5. The document was a list of females that Frank Behlau "did not like and still did not like." *Id.* at 3. The "List" was prepared in 2009. Behlau, a supervisor with the County of Lancaster, contended in a rebuttal to a 2011 performance review that he had improved in his relationships with people, noting that he now got along with most of the people mentioned in "the List." Defendant's Brief in Response [Hereinafter Def. Br.], Doc. 34,

at 3. Plaintiff contends Behlau's "poor communication skills" are part of what made him less qualified than plaintiff. *See* Pl's Br. at 3.

The existence and contents of "the List" were discussed at the depositions of defendant James Cowhey, on August 19, 2014 and September 4, 2014, but Cowhey did not have a copy. *Id.* Plaintiff requested spoliation remedies by letter of September 23, 2014. *Id.* In response I scheduled a discovery conference on October 1, 2014. *See* Order of Sept. 25, 2014, Doc. No. 28. Defendant explains that counsel asked Mr. Cowhey for a copy of "the List" when preparing response to plaintiff's Request for Production of Documents. *See* Def. Br. at 1. Counsel renewed his request after Cowhey's August 19, 2014 deposition, but Mr. Cowhey could not find it. *Id.* Defense counsel told plaintiff's counsel the document had not been found. *Id.* While preparing for the October 1, 2014 discovery hearing, counsel again asked Mr. Cowhey, as well as Mr. Behlau, to look for the document.

> Following the telephone call, Mr. Behlau looked in an unmarked folder that he had not reviewed previously, and located the December 2009 Communication Self Analysis; however, this version had a third page attached containing the list.

*Id.* at 2. At noon on September 30, 2014, defendants produced to plaintiff a copy of "the List." *Id.* at 4.

Plaintiff seeks $2,318.86 in attorney's fees and costs attributable to the pursuit of "the List." *See* Affidavit of Plaintiff's Counsel, Doc No. 32-2, at 1-2. Rule 37(a)(5)(A) provides that if a motion to compel a discovery response is granted, or

> if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

While plaintiff did not file a motion to compel a discovery response, I treat the request for spoliation sanctions as the equivalent. Defendants already had responded, at least twice, to plaintiff's request for "the List," stating they could not find the document. A motion to compel would have been pointless. The day before the hearing on the plaintiff's request for spoliation sanctions, Mr. Behlau found the document in a previously unexamined, unmarked file. Counsel for defendant promptly produced it.

I am sympathetic to the defendant's argument that the document is not a "game changer." Mr. Behlau and Mr. Cowhey apparently acknowledged the existence of "the List" and its general tenor during depositions. Whatever the probative value of "the List," it had been supplied in large part by the admission that Mr. Behlau had some problems getting along with females, including plaintiff, in 2009.

Nevertheless, plaintiff was entitled to the document, and should not have been put to the trouble of asking for it repeatedly, submitting a request for sanctions, and appearing for a hearing on the subject. Plaintiff's counsel alleges she spent a total of 6.25 hours spent preparing written requests for relief, reviewing defendant's response, and appearing at a hearing.  This is quite reasonable. Counsel's billing rate, $350.00/hour, is not unreasonable, nor are the requests for minor costs, such as fax, copying, mileage, and parking.

Defendant points out that the court "must not order this payment if . . . (iii) other circumstances make an award of expenses unjust."[1] *See* Def. Br. at 5 (citing Fed. R. Civ. P. 37(a)(5)(A)). The defendant argues that there was no indication of bad faith or

---

[1] Defendant does not press an argument, under Rule 37(a)(5)(A)(ii), that its position was "substantially justified." Def. Br. at 5. This seems appropriate. That section seems to apply to circumstances in which an objection to production of existing information is interposed. Here, the response was simply that the document could not be found.

intentional misconduct. *Id.* I agree that there was no bad faith or intentional misconduct. The fact that the Mr. Cowhey and Mr. Behlau admitted to "the List" and described its contents and context at their depositions belies any notion that there was a concerted effort to suppress the document. I disagree that the Rule requires a finding of bad faith or intentional wrongdoing to shift fees. As the Advisory Committee Notes to Rule 37 make clear,

> expenses should ordinarily be awarded unless a court finds that the losing party acted justifiably in carrying his point to court. At the same time, a necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust--as where the prevailing party also acted unjustifiably.

Fed. R. Civ. P. 37, Advisory Committee Notes (1970 Amendment).

As Judge Easterbrook put it, the rule is that "the loser pays." *Rickels v. City of S. Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994) (quoting 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 2288 (3d ed. 1998)); *see also Hansen v. Shearson/American Express, Inc.*, 97 F.R.D. 465, 466 (E.D. Pa. 1983) (echoing the "loser pays" principle in this jurisdiction)). Fee shifting encourages the "voluntary resolution [of discovery disputes] and curtails the ability of litigants to use legal processes to heap detriments on adversaries . . ." *Rickels*, 33 F.3d at 787.

The point is to put the winning party where she was before the dispute started, none the poorer for a discovery adventure she should not have had to undertake. Plaintiff did not act unjustifiably in requesting, and insisting on, "the List." The imposition of a monetary sanction does not suggest bad faith on defendant's part.  It is simply a recognition that the plaintiff had to spend unnecessary time and effort getting

the County to find the document, in an unmarked and previously unexamined folder, at the 11th hour.

Plaintiff's motion will be granted. Defendant, the County of Lancaster, shall pay the sum of $2,318.86 to plaintiff within 14 days of the date of this Memorandum and Order.

## ORDER

For the reasons set forth in the above Memorandum, it is on this 29th Day of October **ORDERED** that Plaintiff's motion for sanctions, Doc. 32, is **Granted**. Defendant, the County of Lancaster, shall pay the sum of $2,318.86 to the Plaintiff within 14 days of the date of this Order, pursuant to Fed. R. Civ. Pro. 37(a)(5).

**BY THE COURT:**

   *s/Richard A. Lloret*
**RICHARD A. LLORET**
**UNITED STATES MAGISTRATE JUDGE**